NO. 07-04-0343-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



JULY 15, 2004



______________________________




GUSTABO AYALA, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 242ND DISTRICT COURT OF HALE COUNTY;



NO. B 15356-0402; HONORABLE ED SELF, JUDGE



_______________________________



Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

MEMORANDUM OPINION


 Appellant Gustabo Ayala filed a Motion to Dismiss Appeal on July 12, 2004, averring
that he no longer wishes to prosecute his appeal. The Motion to Dismiss is signed by both
appellant and his attorney. 

 Without passing on the merits of the case, appellant's motion for voluntary dismissal
is granted and the appeal is hereby dismissed. Tex. R. App. P. 42.2. Having dismissed 


the appeal at appellant's personal request, no motion for rehearing will be entertained and
our mandate will issue forthwith. 



 Phil Johnson

 Chief Justice

















Do not publish.



wrapIndent m:val="1440"/>
 
 
 









NO. 07-10-00301-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL D

 



NOVEMBER
9, 2010

 



 

RODERICK GLENN WILLIAMS

A/K/A RODERICK GLEN WILLIAMS, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 372ND DISTRICT COURT OF TARRANT
COUNTY;

 

NO. 1159483D; HONORABLE DAVID SCOTT WISCH, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and PIRTLE, JJ.

 

 

ABATE AND REMAND

 

Following an open plea of guilty,
appellant Roderick Glenn Williams was convicted by the trial court of
possession with intent to deliver a controlled substance of four grams or more
but less than 200 grams, namely cocaine. 
Punishment was assessed at thirty years confinement in prison.  A notice of appeal was filed July 8, 2010.

The clerks record was filed in this
court on August 3, 2010, and the reporters record was filed on September
8.  The deadline for filing appellants
brief was October 8, but it was not filed. 
By letter of October 18, we notified appellants retained counsel of the
defect and explained that failure to file the brief by October 28 would result
in the appeal being abated and the cause remanded to the trial court for
further proceedings.  See Tex. R. App. P. 38.8(b)(2) & (3). 
Nevertheless, appellant did not file his brief.  We, therefore, abate the appeal and remand
the case to the trial court for further proceedings.

On remand, the trial court is
directed to immediately notice and conduct a hearing to determine: 

1. whether
appellant still wishes to pursue his appeal;

2. whether
appellant is indigent; or, if not indigent, whether retained counsel has
abandoned the appeal;

3. if appellant is indigent, whether appellant
is entitled to appointment of counsel.

We further direct the
trial court to issue findings of fact and conclusions of law addressing the
subjects numerically itemized above.  

If the trial court finds appellant is
indigent and wishes to pursue his appeal, it shall appoint counsel to assist
appellant in the prosecution of the appeal. 
The name, address, telephone number, telefax
number, and state bar number of the counsel appointed
to represent appellant on appeal must also be included in the trial courts
findings of fact and conclusions of law. 
If the trial court appoints counsel under this paragraph, appellants
brief shall be filed in this court thirty days from the date of counsels
appointment. 

Furthermore, the trial court shall
cause to be developed 1) a supplemental clerks record containing the findings
of fact and conclusions of law and all orders of the trial court issued as a
result of its hearing on this matter and 2) a reporters record transcribing
the evidence and argument presented at the hearing on this matter. Additionally,
the trial court shall cause the supplemental record to be filed with the clerk
of this court on or before December 10, 2010. 
If additional time is required to perform these tasks, the trial court
may so request by December 10, 2010.

It is so ordered.

 

Per Curiam

 

Do not
publish.